AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON HYMAN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05 C 6486 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| HILL & ASSOCIATES | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Hyman ("Hyman") resides in Aurora, Illinois. He claims that defendant Hill and Associates ("Hill"), a corporation located in Marietta, Georgia, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.* Hill moves to dismiss the complaint for improper venue. Alternatively, Hill moves to transfer venue to the Northern District of Georgia. For the reasons set forth below, both motions are denied.

### FACTS

The facts relevant to this motion are undisputed by the parties unless otherwise noted. In 2003, Hyman lived in Atlanta and entered into a pawn contract with TitleWave of Georgia, Inc. ("TitleWave"), a corporation located in Norcross, Georgia, for purchase of an automobile. According to Hyman, he later sold the car and moved to Illinois. Hyman Aff. ¶ 3. He alleges he informed TitleWave that he had left the area. *Id.* ¶ 5. Some time after his move, Hyman alleges that Hill placed several calls to him and his girlfriend Brooke McCarthy ("McCarthy") in an effort to collect the debt owed to TitleWave. Compl. ¶¶ 6-12. The parties dispute the number and content of the phone calls, but Hill admits that it placed several calls to a Georgia telephone

number and one call each to two different Illinois phone numbers in an effort to collect the debt. Eastham Aff. ¶¶ 7-8.

## DISCUSSION

### I. Motion to Dismiss for Improper Venue

Hill moves to dismiss this case for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3). In resolving a motion to dismiss for improper venue, Hyman bears the burden of establishing that venue is proper. *ABN Amro Sage Corp. v. Cohen*, No. 03 C 3556, 2003 U.S. Dist. LEXIS 15390, at *13 (N.D. Ill. Sept. 3, 2003). Any factual conflicts must be resolved in Hyman's favor. *Id.*

Hyman contends venue is appropriate under 28 U.S.C. § 1391(b)(2). When, as here, jurisdiction is not founded solely on diversity of citizenship, a case may be brought in "a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Hyman argues that a substantial portion of the events giving rise to the claim occurred in Illinois. Specifically, the phone calls made to Hyman and his girlfriend were all received in Illinois – the entirety of the effort to collect the debt. Pl. Resp. 4. Hill contends that the phone calls were insufficient to meet the requirements of § 1391(b)(2), because the phone calls placed in Georgia to Georgia and Illinois numbers do not constitute a substantial part of the of the events giving rise to the FDCPA claim. However, a single telephone call or letter directed by a defendant debt collector to a plaintiff debtor's home state may support venue in that state in an FDCPA action. *Brooks v. Holmes, Rich & Sigler, P.C.*, No. 97 C 7218, 1998 WL 704023, at *1-*2 (N.D. Ill. Oct. 1, 1998) (Gottschall, J.). *See also, e.g., Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir.1992); *Bailey v. Clegg, Brush and Assoc., Inc.*, No. 1:90-CV-2702-CAM, 1991 WL 143461,

2

at *2 (N.D. Ga. June 14, 1991); *Murphy v. Allen County Claims & Adjustments*, 550 F. Supp. 128, 130-31 (S.D. Ohio 1982). Because Hill admits that it placed more than one call to Illinois, venue is proper in this district.

## II. Transfer of Venue

Because the motion to dismiss for improper venue lacks merit, the motion to transfer venue is considered. A court may transfer venue to any district or division where the case may have been brought for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). "The task of weighing factors for and against transfer 'involves a large degree of subtlety and latitude' and it is a decision within the discretion of the trial judge." *Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co.*, No. 99 C 3939, 2000 WL 263973, at *7 (N.D. Ill. Mar. 6, 2000) (Williams, J.) (citations omitted). Under § 1404(a), "the movant . . . has the burden of establishing that the suit should be transferred" and must prove "that the balance of interests weighs strongly in favor of proceeding in the proposed transferee district." *Media Commc'ns, Inc. v. Multimedia Sign Up, Inc.*, No. 99 C 5009, 1999 U.S. Dist. LEXIS 19460, at *10 (N.D. Ill. Dec. 13, 1999) (Kocoras, J.) (citations omitted). To prevail on a motion to transfer under § 1404(a), Hill must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001), *quoting TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). Hyman does not contest that venue would be proper in the Northern District of Georgia, so the court considers only the convenience of the parties and witnesses and the interests of justice.

### A. Convenience of the Parties and Witnesses

3

In determining the convenience of the parties and witnesses, the court considers: (1) Hyman's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, *3 (N.D. Ill. Jan. 20, 2000) (Conlon, J.). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949, *1 (N.D. Ill. Dec. 18, 2002) (Conlon, J.). "Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Id.*

A plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiff's home forum. *See Pepsico, Inc.*, 2000 WL 263973 at *8. Plaintiff's choice of forum is given less weight where another forum bears a stronger relationship to the dispute. *Id.* This district bears a stronger relationship to the dispute because Illinois was the site of material events giving rise to the claim. The allegedly abusive phone calls were received in Illinois, and any violation of the FDCPA occurred here. *Cf. Bates*, 980 F.2d at 868 (harm under FDCPA cannot occur until notice of collection is received); *Vlasak v. Rapid Collection Systems, Inc.*, 962 F. Supp. 1096, 1102 (N.D. Ill. 1997) ("When an individual receives calls or letters from a distant collection agency--and when those calls or letters are allegedly illegal under the FDCPA--it makes sense to permit the individual to file suit where he receives the communications.") (denying motion to dismiss for lack of personal jurisdiction). Hyman's choice of forum is thus given substantial weight and the site of material events clearly weighs against transfer.

The availability of evidence in each district is neutral. Because neither party addressed this factor, the court will not speculate on the location of the evidence.

The court looks to the nature and quality of the witnesses' testimony, not just the number of witnesses in each venue, when considering witness convenience. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Confederation Des Brasseries de Belgique*, 2000 WL 88847 at *4. A party must identify key witnesses and describe their testimony with more than vague generalizations. *Moore v. AT & T Latin America Corp.*, 177 F. Supp. 2d 785, 790 (N.D. Ill. 2001). Further, employees of parties are irrelevant to the convenience analysis. *See Avesta Sheffield v. Olympic Cont'l Res., L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *6 (N.D. Ill. Feb. 14, 2000) (Conlon, J.) ("It is presumed that a party's employees will appear as witnesses voluntarily"). Hill has failed to name any witnesses or describe any testimony. However, Hill points out that Hyman disclosed three possible third party witnesses and their general areas of testimony. McCarthy will testify to the phone calls she allegedly received from Hill. She currently resides in Illinois. Hyman intends to call unknown personnel at TitleWave and at Equifax Information Services, LLC, who may have relevant information. Both companies are located in the Northern District of Georgia. McCarthy's testimony is the most important of the potential third party witnesses, as she certainly has relevant information. The identity of the other potential witnesses is speculative, as is the availability of relevant information. The court will not give significant weight to indeterminate testimony from unidentified witnesses. Because McCarthy is the only identifiable key witness, the convenience of witnesses favors this forum.

Consideration of party convenience does not favor transfer. The court considers the parties' respective residences and their ability to bear the costs of litigating in a particular forum. *Avesta*, 2000 WL 198462 at *7. Hyman resides in the Northern District of Illinois. Hill resides in the Northern District of Georgia. Hill has not advanced any reasons regarding its inconvenience other than its preference to litigate in its home forum. On the other hand, Hyman contends that transfer would effectively prevent him from pursuing his claim. Because Hill does not assert that litigation in this court would pose any economic hardship, this factor clearly disfavors transfer. *Euromarket Designs, Inc. v. Crate & Barrel, Ltd.*, 96 F. Supp. 2d 824, 840 (N.D. Ill. 2000) (modern advances in transportation and communication make it more reasonable to litigate in a foreign forum). Hill has failed to demonstrate it is clearly more convenient for the parties and witnesses to litigate in the Northern District of Georgia.

### B. Interests of Justice

In addition to the convenience of the parties, the court must consider whether transfer is in the interests of justice. This analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. v. Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). In determining the interests of justice, the court considers traditional notions of judicial economy, such as (1) relation of the community to the issues; (2) ensuring speedy trial; and (3) the court's familiarity with applicable law. Hill argues that this case may involve application of Georgia statutes, but fails to cite those statutes. The court will afford no weight to this unsupported assertion. Hyman argues that Illinois has an interest in entertaining cases where injury occurs in Illinois. *Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, *8 (N.D. Ill. Aug. 11, 2000) (Kocoras, J.). Further, Hyman points out that this court is

familiar with the federal question presented by the FDCPA and that there is no reason to believe this court will not provide a speedy trial. The court agrees. The interests of justice do not favor transfer.

Hill has not shown that the balance of interests strongly favors transfer to the Northern District of Georgia. In fact, both convenience and the interests of justice favor proceeding with Hyman's claim in this court.

### III. Personal Jurisdiction

Hill makes a conclusory assertion in its motion that this court lacks personal jurisdiction over it, suggesting that lacking personal jurisdiction demonstrates venue is improper. Hyman echoes this position by arguing that this court does have personal jurisdiction over Hill. The relevance of personal jurisdiction to a motion to dismiss for improper venue is not explained by either party. Because the argument is not adequately developed and lacks supporting facts or law, the argument is waived. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Furthermore, personal jurisdiction is satisfied under the Illinois long arm statute in an FDCPA action where a debt collection company sends letters and telephones a debtor in Illinois. *Vlasak*, 962 F. Supp at 1101-02. Absent cogent argument on the point, the court is confident that personal jurisdiction exists.

### CONCLUSION

For the foregoing reasons, Hill's motion to dismiss for improper venue and alternative motion to transfer venue are denied.

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

February 9, 2006