**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jason Hyman | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05 C 6486 |
| Hill & Associates | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER**

NOW COMES the Defendant, Hill & Associates, by and through its attorney, Michael E. Rediger and Answers the Plaintiff's Complaint as follows:

1.      This is an action for actual and statutory damages for violation of the Fair Debt Collection Practices Act (hereafter: the "FDCPA"), I5 U.S.C. §1692, et seq.

**Answer:** Although the allegations contained in paragraph 1 call for a legal conclusion, the Defendant admits Plaintiff has attempted to bring a cause of action for violations of the Fair Debt Collection Practices Act.

2.      Jurisdiction arises under the Fair Debt Collection Practices Act I5 U.S,C. §1692, et seq.

**Answer:**  Although the allegations contained in paragraph 2 call for a legal conclusion, the Defendant admits that Jurisdiction is proper under the FDCPA.

3.      Plaintiff, Jason Hyman, is an individual who was at all relevant times residing, in the City of Aurora, State of Illinois.

**Answer:**   The Defendant admits that Jason Hyman is an individual however the Defendant denies that at all relevant times he was residing in the City of Aurora, State of Illinois.

4.      At all relevant times herein, Defendant, Hill & Associates, acted as a debt collector within the meaning of 15 U.S.C, §l692a(6) in that it held itself out to be a company collecting a debt allegedly owed to TitleWave of Georgia

**Answer:**   The Defendant denies the allegations contained in paragraph 4 of the

complaint.

5.      Defendant is a corporation that has its principle place of business and its offices located in the City of Marietta, State of Georgia.

**Answer:** The Defendant admits the allegations contained in paragraph 4 of the complaint.

6.      On or about, September 2005, Jason Hyman ("Plaintiff) received a, telephone call from a man who identified himself as Scott stating he was calling from Hill and Associates ("Defendant") to collect a debt owed by Plaintiff to TitleWave of Georgia in the amount of approximately $1,600.00.

**Answer:** The Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of the compliant and on that basis denies each and every allegation set forth in Paragraph 6.

7.      Defendant stated to Plaintiff that he was an attorney attempting to collect the outstanding debt owed to TitleWave. At that time, Plaintiff provided the Defendant with his home telephone number, address and full name.

**Answer:** The Defendant denies the allegations contained in paragraph 7 of the complaint.

8.      Shortly thereafter, after being unable to reach the Plaintiff at his home, Defendant began to contact the Plaintiff's girlfriend and left voicemails with her representing the Plaintiff's outstanding debt.

**Answer:** The Defendant denies the allegations contained in paragraph 7 of the complaint.

9.      On or about October 2005, Defendant contacted the Plaintiff's girlfriend and left a message with her stating that if this matter was not dealt with immediately legal action would be sought against the Plaintiff and that he would be arrested for theft.

**Answer:** The Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the compliant and on that basis denies each and every allegation set forth in Paragraph 9.

10.     Defendant continued stating that if the Plaintiff's girlfriend did not

help the Defendant locate the Plaintiff, then she would be responsible for payment of the outstanding debt owed by Plaintiff and would be sent to prison also.

**Answer:** The Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the compliant and on that basis denies each and every allegation set forth in Paragraph 10.

11. Shortly hereafter, Plaintiff contacted the Defendant and inquired into why it continued to contact and threaten his girlfriend. Defendant became hostile and aggressive and stated that he could contact anyone be wanted and tell them anything he wanted about the Plaintiff's outstanding debt.

**Answer:** The Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of the compliant and on that basis denies each and every allegation set forth in Paragraph 11.

12. To date, Defendant has continued to contact Plaintiff and failed to send Plaintiff anything in writing stating the exact amount of the debt or information regarding the original creditor in compliance with the Fair Debt Collection Practices Act.

**Answer:** The allegations contained in paragraph 12 call for a legal conclusion. As such, the Defendant denies the allegations allegation set forth in Paragraph 12.

13. Defendant violated the Fair Debt Collection Practice Act, 15 U.S.C. §I692 in one or more of the following ways:
a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 24 U.S.C. 61 692b(2);
b. Communicated with any person other then the consumer more then once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and .that such person now has correct or complete location information in violation of 15 U,S.C. § 1692b(3);
c. Communicated with any person other than the consumer in connection with the collection of any debt other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, at the attorney of the debt collector in violation of 15 U.S.C. §1692c(b) ;
d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C, §1692e;
e. Falsely represented the character, amount, or legal status of my debt in violation of 15 U.S.C. §1692e(2)(A);

f. Falsely represented or implied that an individual is an attorney or that my communication is from an attorney in violation of 15 U.S.C, §1692c(3);

g. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of my person or the seizure, garnishment, attachment, or sale of any property or wages of any of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C., §1692e(4);

h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

i. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1 692e(7);

j. Used my false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1 692e(10);

k. Failed to comply in any way with 15 U.S.C. §1692g by failing to send a validation letter and continuing collection activities; and

l. Was otherwise deceptive and failed to comply in any way with the Fair debt Collection Practices Act.

**Answer:**  The Defendant denies each and every allegation contained in

paragraph 13 of the complaint.

14.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**Answer:**  The Defendant lacks sufficient information to form a belief as to the

truth of the allegations contained in paragraph 11 of the compliant and on that

basis denies each and every allegation set forth in Paragraph 11.

Respectfully Submitted,
Hill & Associates

By: s\_Michael Rediger_____
      Its Attorney

MICHAEL E. REDIGER
THE LAW OFFICE OF MICHAEL E. REDIGER, P.C.
217 N. JEFFERSON, SUITE 602
CHICAGO, IL 60661
(312) 644-0939
ARDC No. 6225900

4